FILED
CLERK, U.S. DISTRICT COURT

AUG 28 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  E&S RING MANAGEMENT CORP., | ) Case No. CV 13-5848 UA (DUTYx) |
| 12 | ) |
| 13          Plaintiff, | ) |
| 14      v. | ) **ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION** |
| 15  ESTELA PRUCE, ET AL., | ) |
| 16          Defendants. | ) |
| 17 | ) |

18

19          The Court will remand this unlawful detainer action to state court summarily

20   because Defendant removed it improperly.

21          On August 12, 2013, Defendant Estela Pruce, having been sued in what

22   appears to be a routine unlawful detainer action in California state court, lodged a

23   Notice Of Removal of that action in this Court and also presented an application to

24   proceed *in forma pauperis*.  The Court has denied the latter application under

25   separate cover the action was not properly removed.  To prevent the action

26   from remaining in jurisdictional limbo, the Court issues this Order to remand the

27   action to state court.

28          Simply stated, Plaintiff could not have brought this action in federal court in

1  the first place, in that Defendant does not competently allege facts supplying either
2  diversity or federal-question jurisdiction, and therefore removal is improper.  28
3  U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546,
4  563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005).  Even if complete diversity of
5  citizenship exists, the amount in controversy does not exceed the diversity-
6  jurisdiction threshold of $75,000.  *See* 28 U.S.C. §§ 1332, 1441(b).  Moreover,
7  because Defendant resides in the forum state, Defendant cannot properly remove the
8  action, to the extent diversity jurisdiction is asserted.  28 U.S.C. § 1441(b).
9       Nor does Plaintiff's unlawful detainer action raise any federal legal question.
10 *See* 28 U.S.C. §§ 1331, 1441(b).  In her removal papers, Defendant asserts that
11 Plaintiff's action violates her due process and equal protection rights.  However, "a
12 federal defense does not form a basis for removal" in an unlawful detainer action.
13 *See U.S. Bank Nat'l Ass'n v. Beas*, 2012 WL 27502 at *1 (C.D. Cal. Jan. 6, 2012)
14 (remanding unlawful detainer action to state court where Defendant alleged due
15 process and equal protection violations); *see also Vaden v. Discover Bank*, 556 U.S.
16 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated
17 defense"); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal
18 law defense to a state-law claim does not confer jurisdiction on a federal court[.]").
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

2

1      Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the

2 Superior Court of California, Los Angeles County, Central District, Stanley Mosk

3 Courthouse, 110 North Grand Ave., Los Angeles, CA 90012, for lack of subject

4 matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a

5 certified copy of this Order to the state court; and (3) that the Clerk serve copies of

6 this Order on the parties.

7

8      IT IS SO ORDERED.

9

10 Dated: _8/〣/13_

11                          GEORGE H. KING

                CHIEF UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28